THE PEOPLE, PLAINTIFF AND APPELLEE, *v.* RODRÍGUEZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 2, in a Prosecution for Violation of the Sanitary Rules and Regulations.

No. 883.—Decided January 26, 1916.

SANITARY REGULATIONS—SALE OF BREAD UNCOVERED.—It was shown by the evidence in this case that bread had been sold without being protected from dust and flies in violation of section 17 of Sanitary Rule and Regulation No. 30. It was shown also that the bread was not sold by the defendant, who only took it to the place ordered by his superior. *Held:* That the defendant was not guilty of the violation committed.

The facts are stated in the opinion.
*Messrs. Texidor & Martínez Alvarez* for the appellant.
*Mr. Salvador Mestre, fiscal,* for The People.

MR. JUSTICE DEL TORO delivered the opinion of the court.
The pertinent part of the information reads as follows:

"The *fiscal* charges Dolores Rodríguez and Benigno Fernández with having committed a misdemeanor by violating section 17 of Sanitary Rules and Regulations No. 30 in the following manner: On or about May 1, 1915, in Santurce, which forms part of the Judicial District of San Juan, the said defendants sold bread which was not wrapped in paper as required. The bread was made in the bakery of which defendant Fernández is manager and was carried out by defendant Rodríguez without being protected from dust and flies as ordered by the said Regulations."

The regulation violated reads as follows:

"Section 17.—Bread shall be protected in bakeries and in establishments for its sale against insects and dust. It shall be sold wrapped in paper.

"The transportation of bread shall be effected in suitable carts also protected against dust and flies."

After hearing the evidence the court acquitted Benigno Fernández, who was designated in the information as manager of the bakery which had sold the bread without its being wrapped in the manner required by law. The other defendant, Dolores Rodríguez, who is the appellant, was convicted and sentenced to pay a fine of $25, or, in default of its payment, to be imprisoned one day in jail for each dollar not paid.

In our opinion the evidence clearly shows that the bread seized was sent by the bakery called "La Unión" to the Girls' Charity School, situated on the highway of Santurce at Stop 15, without being wrapped in paper. Therefore, the violation of the law was clearly proved. But who is the real culprit? The alleged manager of the bakery was acquitted because it was not proved that he held that position. And what did the appellant do? The evidence does not show that he sold the bread or even that he packed it in the bakery. It merely establishes the fact that he was a salaried servant whose duty it was to take the bread to places where he was ordered to take it and in our opinion that fact is not sufficient upon which to convict him of the offense charged. The

defendant's case is not the ordinary case of a seller of bread from house to house, because, although in the majority of such cases the article does not belong to the seller, it cannot be denied that such seller performs independent acts for which he is personally responsible.

It is not necessary to refer to the importance of a strict compliance with the sanitary laws. Public health is the supreme law and should be safeguarded by all just and proper means. But in fixing responsibilities care should be taken to punish the real offenders and not those who innocently and incidentally participate in the commission of the offense.

The judgment appealed from should be reversed and the defendant discharged.

*Reversed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.